UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-62516-RAR

THE COLOMBIAN AIR FORCE
PURCHASING AGENCY (ACOFA),
*a Miscellaneous Foreign Government
Organization*,

    Plaintiff,

v.

UNION TEMPORAL OVL
CVRA HELICOPTEROS 2018 LLC, *et al.*,

    Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION GRANTING IN PART DEFENDANTS' MOTION TO DISMISS

**THIS CAUSE** comes before the Court on United States Magistrate Judge Jared M. Strauss's Report and Recommendation ("Report"), [ECF No. 72], on Defendants' Motion to Dismiss ("Motion"), [ECF No. 50]. The Report recommends granting the Motion in part by dismissing only the RICO claims (Count I) and the Breach of MMWA Claims (Count II). *See* Report at 5, 9. Plaintiff timely filed objections to the Report ("Objections"), [ECF No. 75]. Plaintiff only objects to the recommendation that the Court dismiss the RICO claims (Count I).

When a magistrate judge's "disposition" has been properly objected to, district courts must review the disposition *de novo*. FED. R. CIV. P. 72(b)(3). Because Plaintiff timely filed objections to the Report, the Court has conducted a *de novo* review of Magistrate Judge Strauss's legal and factual findings to which Plaintiff objected—dismissal of the RICO claims. Upon careful review of the record, the Court agrees with Magistrate Judge Strauss's recommendation.

The Report recommends that this Court dismiss Plaintiff's RICO claims for two reasons. First, Plaintiff did not include allegations regarding the predicate acts of racketeering with the

"requisite particularity to establish a pattern of racketeering activity" and "Count I is replete with numerous conclusory and vague allegations, especially regarding the alleged predicate acts." Report at 6–7. Second, Magistrate Judge Strauss concluded Plaintiff has not and cannot show conduct that is continuing in nature. *Id.* at 8.

The Court concurs with Magistrate Judge Strauss's well-reasoned conclusion. Regarding the first basis for dismissal, the Complaint fails to allege with particularity the circumstances surrounding any misrepresentations made by the two RICO Defendants, CVRA and OVL. Plaintiff argues the allegations in the Complaint are sufficient because they assert Defendants "transmitted or caused to be transmitted . . . [the UT OVL Bid Response] by means of mail and/or wire communications travelling in interstate commerce, between Colombia, Florida and Wisconsin"; signed the contracts using mail and/or wire communications travelling in interstate commerce; and "ACOFA specifically identifies that CVRA received money via wire transfer from UT OVL from October 2018 to March 2019." Objections at 2–3 (citing Compl. ¶ 59(a)). But "[a] plaintiff must put forward enough facts with respect to each predicate act to make it independently indictable as a crime." *Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1215 (11th Cir. 2020) (citation omitted). As pled, the Complaint simply does not meet this standard.

Addressing the Report's second basis for dismissal of the RICO claims, Plaintiff maintains it has pled predicate acts that continued over the course of two and a half years, which is sufficient to show conduct of a continuing nature. As Magistrate Judge Strauss noted, Plaintiff must plead a continuing nature of predicate acts "either by alleging 'a series of related predicates extending over a substantial period of time' or 'the threat of continuity.'" *Cisneros*, 972 F.3d at 1216 (quoting *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 242 (1989)). Plaintiff's argument that predicate acts occurred over the course of two and a half years is not persuasive because "independently chargeable instances of mail or wire fraud cannot constitute a 'pattern of

racketeering activity' when they arise from a single transaction." *Id.* Accordingly, the Complaint does not sufficiently allege a pattern of racketeering activity.

While the Court agrees with the Report's recommendation that Count I be dismissed, the Court agrees with Plaintiff that at this juncture, Count I should not be dismissed *with prejudice*. The Federal Rules of Civil Procedure provide that leave to amend "shall be freely given when justice so requires." FED. R. CIV. P. 15(a). "It is well-settled that a court should not dismiss a plaintiff's complaint for failing to state a claim without first granting leave to amend." *Woide v. Fed. Nat'l Mortg. Assoc.*, No. 6:15-cv-1929-Orl-40GJK, 2016 WL 4567132, at *3 (M.D. Fla. Sept. 1, 2016) (citing *Thomas v. Farmville Mfg. Co.*, 705 F.2d 1307, 1307 (11th Cir. 1983) ("A grant of leave to amend is particularly appropriate following dismissal of a complaint for failure to state a claim, and, in the absence of a declared or apparent reason, an outright refusal to grant leave to amend is an abuse of discretion.")). The Court will therefore grant Plaintiff leave to amend Count I of the Complaint.[1]

Plaintiff does not object to the Report's recommendation that this Court dismiss Count II of the Complaint. When no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's note to 1983 addition (citation omitted). Because there are no objections to this portion of the Report, the Court did not conduct a *de novo* review. Rather, the Court reviewed the Report for clear error and found none. Accordingly, it is hereby

---

[1] In the parties' Joint Motion to Modify the Pre-Trial Schedule [ECF No. 73], they represent, "Defendants' counsel has stated that she believes that Armada Nacional de Colombia (the "Colombian Navy") and Direccion General Maritima ("DIMAR") are the real parties-in interest and that Defendants may be seeking to add them as parties to the litigation." In the interest of judicial economy, if the parties intend to add additional parties to the litigation, the Court urges the parties to do so at the same time Plaintiff files its Amended Complaint.

**ORDERED AND ADJUDGED** as follows:

1. The Report [ECF No. 72] is **AFFIRMED AND ADOPTED**.

2. Defendant's Motion to Dismiss, [ECF No. 50], is **GRANTED IN PART AND DENIED IN PART.**   Counts I and II are hereby **DISMISSED**.

3. Plaintiff is granted leave to file an Amended Complaint in compliance with this Order, which may amend Count I and add additional Defendants.   Plaintiff shall do so on or before **March 2, 2023**.

**DONE AND ORDERED** in Miami, Florida, this 20th day of January, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**